No. 30,806.

LANE A. DUTTON, *Appellee*, v. THE BOARD OF COUNTY COMMIS-SIONERS OF THE COUNTY OF FORD, *Appellant.*

(16 P. 2d 949.)

Opinion filed December 10, 1932.

*W. C. Gould, Carl Van Riper,* both of Dodge City, and *Harold Payne,* of Kinsley, for the appellant.

*Lane A. Dutton,* of Dodge City, *J. N. Tincher, Don Shaffer,* both of Hutchinson, *Riley W. MacGregor* and *Martin S. Hall,* both of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal involves the right of the county attorney to recover from the county fees which have been taxed as costs in cases where he secured the conviction of persons charged

with misdemeanors and who were adjudged to be confined in the county jail until the fines and costs were paid, and where the costs were in fact paid by the prisoners in services rendered to the county under a compulsory order of the board of county commissioners as authorized by a statute of the state.

Under the agreed facts it appears that the county attorney prosecuted and secured the conviction of a number of persons for violation of the intoxicating liquor law, and who were adjudged to be imprisoned for a certain number of days and to pay fine and costs and to stand committed until such fine and costs were paid. In other cases only fine and costs were adjudged against the defendants, and in all cases they were committed to the county jail until the fine and costs were paid. The prisoners confined in the county jail were compelled by the county commissioners to work out the fine and costs, and they had been given credits at the rate of two dollars per day for such work. In some instances the credits were not sufficient to pay the fees of the county attorney and other court costs. In other instances the credits were sufficient to pay both the court costs and the fee of the county attorney. The court held that plaintiff was entitled to recover his fees in cases where the credits of the prisoner for work were sufficient to pay all costs, and where the credits were insufficient to pay all, plaintiff was entitled to so much towards his fee as remained after all other costs in the case were paid. It appears that after the credits for the work of the prisoners had been given they were paroled by the district court.

It was further agreed that the prisoners were entitled to the credits allowed to them. On the facts stipulated the court found that the county attorney was not entitled to fees in one particular case, and in all the others it was found that he was entitled to recover fees from the county, and thereupon judgment was entered against the county for $303. The county commissioners appeal.

A number of statutes are cited for and against the allowance of fees to the county attorney and payment of the same by the county. Back in 1868 the statute was enacted that—

"The costs incurred on the part of the prosecution shall be paid by the county in which the offense was committed when the defendant shall be convicted and shall be unable to pay them." (R. S. 62-1901.)

In a statute of 1881 the legislature was dealing with the employ-

ment of persons committed to jail, and it provided that they might work out the fine and costs and in respect to costs it was provided:

"The county shall not be liable for any costs by reason of the provisions of this act otherwise than is herein provided, nor shall this act be construed as limiting the board of county commissioners of any county to their right to discharge any person from jail in the manner as now provided by law." (R. S. 62-2108.)

In 1885 in providing for the allowance of fees in prosecutions and the payment of the same there was a provision that—

"The county attorney shall be allowed a fee of $25 upon each count upon which the defendant shall be convicted and the same shall be taxed as costs in the case, but the county shall in no case be liable therefor." (R. S. 21-2124.)

In 1917 the legislature made provision for prisoners working out fine and costs assessed against them where they had been convicted of a misdemeanor and adjudged to pay fine and costs and pay the same by labor on street, highway or poor farm, and that they should receive a credit of one dollar per day, and that when the credits thus obtained equal the amount of such costs or fine the prisoner shall be released and set at liberty and the judgment of conviction shall be receipted in full by the board of county commissioners. (R. S. 62-2101.)

In 1927 that law was changed to some extent in that it provided that the commissioners should put able-bodied prisoners, confined in the county jail, to work upon the highways, and that for their work they should receive two dollars per day to be credited on the fine and costs with an allowance of twenty per cent for good time for faithful performance of their work. (R. S. 1931 Supp. 62-2109.)

The theory of the statutes as evolved through a period of years appears to be that the county attorney should be allowed a fee of $25 for each conviction to be taxed as costs in the case. These costs were to be paid by the defendants and not by the county. When costs were paid by the defendant or by anyone for him where there was a conviction, the county attorney, of course, was entitled to his fee. In 1881, as we have seen, the legislature dealt with the subject of fines and costs where prisoners were convicted of misdemeanors and were adjudged to be confined in the jail until the fines and costs were paid, and it provided that such prisoners could be compelled by the board of county commissioners to work on highways or on other public works under the control and direction of that board.

For such work the prisoner was to receive a credit of one dollar per day for his work, and when he had received credits equal to the amount of the fine and costs he was to be set at liberty and the judgment against him receipted in full by the board of county commissioners. In 1927 the law was changed in some respects. It provided that able-bodied prisoners confined in the county jail who had been convicted of a misdemeanor might be compelled to work at hard labor eight hours of every working day, and that the sheriff, under the direction of the county commissioners, should take prisoners out to work on the public highways when no other work was available, and that every male prisoner should work out the fine and costs imposed on him and receive a credit of two dollars per day, and that if he performed his duties faithfully he should receive a good-time allowance of twenty per cent of his sentence. The matter of faithful performance and good-time allowance was to be determined by the judge of the court who imposed the sentence.

There is no controversy over the fact that convictions had been had in the prosecutions involved here, and that the fees of the county attorney had been taxed as costs in each case. These costs had been paid by the labor of the prisoners. The labor was performed under the authority of the statute allowing prisoners to pay costs by service to the public instead of payment in cash. That payment, when made, was just as effectual as if made in dollars. It operated to cancel their obligation for the costs imposed in the judgment and entitled the prisoners to be set at liberty. The county commissioners had compelled the prisoners to work and they kept them at work at the rate of two dollars per day, the rate fixed by statute, until the credits thus gained equaled the adjudged costs, including the fees of the county attorney, and in this way the judgment has been satisfied and the prisoners released. The costs were paid to the county commissioners who controlled the prisoners at work, and the county for which the commissioners were acting has received the benefits of the payments so made.

Under the statutes and the manifest policy of the legislature we think that when the county received payment of the costs it became liable for the fees of the county attorney which were an integral part of the judgment for costs. Our opinion is that the court reached a correct conclusion, and its judgment is affirmed.